IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

_____

JENNIFER BROOKE FRIZZELL,
Individually and as Next Friend of M.L.F., a
Minor,

     Plaintiff,

v.

UNITED STATES OF AMERICA,
     Defendant.

Civil Action No.

## **NOTICE OF REMOVAL**

Please take notice that the United States hereby removes the action pending as

Cause Number 2021543637 in the 99th District Court, Lubbock County, Texas, to the

Lubbock Division of the United States District Court for the Northern District of Texas,

and as support would respectfully show as follows:

1.   Cause No. 2021543637 was commenced upon plaintiff Jennifer Brooke

Frizzell's filing of a petition against David E. Escobar, a U.S. Postal Service (USPS)

employee.   Frizzell alleges negligence against Escobar.

2.   This action is removable pursuant to 28 U.S.C. § 2679(d)(2) because it is a

claim for negligence against a federal officer or employee and an appropriate Westfall

Act certification has been issued under that statute.

3.   Specifically, with respect to the incident(s) alleged in Frizzell's petition,

Escobar was acting within the scope of his employment with USPS, and the Attorney

General's designee has given a certification to that effect pursuant to 28 U.S.C. § 2679,

**Notice of Removal - Page 1**

28 C.F.R. § 15.4, and Justice Manual § 4-5.630.   Accordingly, the United States is automatically substituted as the defendant in place of Escobar.   *See* 28 U.S.C. § 2679(d)(2).

4.   This removal is timely because no trial has yet occurred in the state court.   *See* 28 U.S.C. § 2679(d)(2) (a removal under section 2679 may occur at any time before trial).

5.   Submitted with this notice of removal is a copy of the Westfall Act certification, along with an index of documents from the state court action and copies of those documents.

Respectfully submitted,

PRERAK SHAH
ACTING UNITED STATES ATTORNEY
 /s/ Ann E. Cruce-Haag
ANN E. CRUCE-HAAG
Assistant United States Attorney
Texas Bar No. 24032102
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone: (806) 472-7351
Facsimile:  (806) 472-7394
Email:     ann.haag@usdoj.gov

Attorneys for the United States

## **CERTIFICATE OF SERVICE**

On July 22, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.   I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Ann E. Cruce-Haag
ANN E. CRUCE-HAAG
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| JENNIFER BROOKE FRIZZELL, Individually and as Next Friend of M.L.F., a Minor, <br>      Plaintiff, <br><br> v. <br><br> DAVID E. ESCOBAR, <br>      Defendant. | Civil Action No. |

## CERTIFICATION

The undersigned Assistant United States Attorney for the Northern District of Texas, in accordance with the provisions of section 2679 of Title 28, United States Code, and by virtue of the authority vested in him by the Attorney General of the United States under 28 C.F.R. § 15.3, hereby certifies that he has read plaintiff's Original Petition, and that upon the basis of the information now available to him with respect to the incidents referred to therein, he is of the opinion that David E. Escobar was acting within the scope of his employment as an employee of the United States at the time of the incident(s) out of which plaintiff's claims arose.

DATED on this 19th day of July, 2021.

J. Scott Hogan
Civil Chief
Office of the United States Attorney for
the Northern District of Texas

**GOVERNMENT EXHIBIT**

**1**

**Certification - Page 1**

JS 44 (Rev. 10/20) - TXND (10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

FRIZZELL, Jennifer Brooke, Individually and as Next Friend of M.L.F., a Minor

**DEFENDANTS**

United States of America

**(b)** County of Residence of First Listed Plaintiff   Lubbock
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Garnett E. Hendrix, Jr., Bar #09459700, Loncar Associates, 424 S. Cesar Chavez Blvd., Dallas, TX 75201, Tel. 214.747.0422

Attorneys *(If Known)*

Ann E. Cruce-Haag, Bar #24032012, U.S. Attorney, 1205 Texas Ave., Suite 700, Lubbock, TX 79401, Tel. 806.472.7351

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☒ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 2679 - removed to federal court

Brief description of cause:
Motor vehicle accident involving a federal employee

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   James Wesley Hendrix

DOCKET NUMBER   5:18-CV-165-H

DATE
Jul 22, 2021

SIGNATURE OF ATTORNEY OF RECORD
s/Ann E. Cruce-Haag

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

JS 44 Reverse (Rev. 10/20) - TXND (10/20)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Supplemental Civil Cover Sheet
Page **1** of **2**

## Supplemental Civil Cover Sheet for Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | Court | Case Number |
   |---|---|
   | In the 99th District Court of Lubbock County, Texas | 2021543637 |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

   | Party and Party Type | Attorney(s) |
   |---|---|
   | Jennifer Brooke Frizzell, Plaintiff (see attachment) | Garnett E. Hendrix, Jr., State Bar No. 09459700 |
   | United States of America, Defendant (see attachment) | Ann E. Cruce-Haag, Texas Bar No. 24032102 |
   | | |
   | | |
   | | |

3. **Jury Demand:**

   Was a Jury Demand made in State Court?    ☑ Yes          ☐ No

   If "*Yes,*" by which party and on what date?

   Plaintiff                                          3/19/21
   Party                                              Date

Supplemental Civil Cover Sheet
Page 2 of 2

4. **Answer:**

   Was an Answer made in State Court?   ☑ Yes        ☐ No

   If "*Yes*," by which party and on what date?

   | Defendant | 7/16/21 |
   |---|---|
   | Party | Date |

5. **Unserved Parties:**

   The following parties have not been served at the time this case was removed:

   | Party | Reason(s) for No Service |
   |---|---|
   |  |  |
   |  |  |
   |  |  |
   |  |  |
   |  |  |

6. **Nonsuited, Dismissed or Terminated Parties:**

   Please indicate any changes from the style on the State Court papers and the reason for that change:

   | Party | Reason |
   |---|---|
   |  |  |

7. **Claims of the Parties:**

   The filing party submits the following summary of the remaining claims of each party in this litigation:

   | Party | Claim(s) |
   |---|---|
   | Plaintiff | Plaintiff seeks damages resulting from a motor vehicle accident. |

Supplemental Civil Cover Sheet for Cases Removed From State Court

Attachment

2. Style of the Case:

| Party | Attorney |
|---|---|
| Jennifer Brooke Frizzel, Individually and as Next Friend of M.L.F., a Minor, Plaintiff | Garnett E. Hendrix, Jr. State Bar No. 09459700 LONCAR ASSOCIATES 424 S. Cesar Chavez Blvd. Dallas, TX 75201 Tel. 214-747-0422 bhendrix@loncarassociates.com |
| United States of America* Defendant  *Automatically substituted as the defendant at the time of removal per the Westfall Act | Ann E. Cruce-Haag Assistant United States Attorney Texas Bar No. 24032102 1205 Texas Ave., Ste 700 Lubbock, TX 79401 Tel. 806.472.7351 ann.haag@usdoj.gov |

<u>INDEX OF STATE COURT RECORDS</u>                          <u>PAGE(S)</u>

**1.**  Civil Docket Sheet, and Case Summary, Case No.
2021543637, In the 99th District Court of Lubbock County,
Texas            ......................................................................................INDEX 1-2

**2.**  Documents filed in Case No. 2021543637, In the 99th District
Court of Lubbock County, Texas .......................................................

| <u>Tab</u> | <u>Date Filed</u> | <u>Document</u> | <u>Page(s)</u> |
|---|---|---|---|
| **3.** | 3/19/21 | Plaintiff's Original Petition, Request for Initial Disclosures and Jury Demand ................INDEX 3-9 | |
| **4.** | 3/22/21 | Citation – Issued to David E. Escobar ...............INDEX 10-11 | |
| **5.** | 6/23/21 | Affidavit of Service.............................................INDEX 12 | |
| **6.** | 7/16/21 | Defendant David E. Escobar's Original Answer and Request for Disclosure...................INDEX 13-16 | |

# CIVIL DOCKET

**99TH DISTRICT COURT**

**CASE NO.  2021-543,637**

Date Case Filed:  03/19/2021

| NAME OF PARTIES | ATTORNEYS | Kind of Action |
|---|---|---|
| JENNIFER BROOKE FRIZZELL INDIVIDUALLY AND AS NEXT FRIEND OF M.L.F., A MINOR | Attorney for Plaintiff | INJ/DAMAGE: MOTOR VEHICLE |
| VS | GARNETT HENDRIX | Date Jury Fee Paid: |
| DAVID ESCOBAR | * * * * * | By Plaintiff |
| | Attorney for Defendant | By Defendant |

## DATE OF ORDERS

| MONTH | DAY | YEAR |
|---|---|---|
| | | |

## ORDERS OF COURT

## MINUTES

| VOLUME | PAGE |
|---|---|
| | |

**Docket Sheet:** 2021543637
**Date Printed:** 07/19/2021

Page: 1

# Case Summary

**Case number:** 2021543637
**Style:** FRIZZELL, JENNIFER BROOKE;
**vs.** ESCOBAR, DAVID E.;

**File Date:** 03/19/2021
**Disposition Date:** / /

**Case Type:** INJ/DAMAGE: MOTOR VEHICLE
**Court:** D099

| Events: | Code | Description | Evnt Date | Actn Date | Comments |
|---------|------|-------------|-----------|-----------|----------|
| 1 | PETN | PETITION FILED | 03/19/2021 | 03/19/2021 | Plaintiff's Original Petition |
| 2 | DCP1 | DISCOVERY LEVEL 1 | 03/19/2021 | 03/19/2021 | |
| 3 | JYRQ | JURY REQUEST | 03/22/2021 | 03/22/2021 | JURY DEMAND, SEE SEQ #1 |
| 4 | CISS | CITATION ISSUED | 03/22/2021 | 03/22/2021 | E-51672386 RESENT E-54482406 |
| 5 | CSRV | CITATION SERVED | 06/23/2021 | 06/18/2021 | Return of Service David Escoba |
| 6 | ANSR | ANSWER RECEIVED | 07/16/2021 | 07/16/2021 | AND REQUESTS FOR |
| 7 | DSRQ | DISCOVERY REQUEST / MOTION | 07/16/2021 | 07/16/2021 | REF SEQ#6 |

**INDEX - 2**

Filed 3/19/2021 5:54 PM
Barbara Sucsy
District Clerk
Lubbock County, Texas

CAUSE NO. **2021543637**                                              **MK**

| | | |
|---|---|---|
| **JENNIFER BROOKE FRIZZELL,** | § | **IN THE DISTRICT COURT OF** |
| **Individually and as Next Friend of** | § | |
| **M.L.F., a Minor** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **LUBBOCK COUNTY, TEXAS** |
| **v.** | § | |
| | § | |
| **DAVID E. ESCOBAR,** | § | |
| | § | |
| **Defendant.** | § | **99th JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR INITIAL DISCLOSURES AND JURY DEMAND

COMES NOW JENNIFER BROOKE FRIZZELL, hereinafter also referred to herein as "Plaintiff," Individually and as Next Friend of M.L.F., a Minor, hereinafter also referred to herein as "Minor Plaintiff," and files Plaintiff's Original Petition, Request for Initial Disclosures and Jury Demand complaining of DAVID E. ESCOBAR, hereinafter also referred to herein as "Defendant," and in support thereof would respectfully show the Court the following:

### I. DISCOVERY LEVEL

This lawsuit shall be conducted pursuant to Discovery Control Plan-Expedited Actions Involving $250,000.00 or Less (Level 1) pursuant to Texas Rules of Civil Procedure Rule 190.2.

### II. PARTIES AND SERVICE

Plaintiff is an individual who resides in Wolfforth, Lubbock County, Texas, and can be noticed by and through her attorney in charge, Garnett E. "Brit" Hendrix, Jr., Loncar Associates, 424 S. Cesar Chavez Boulevard, Dallas, Texas 75201. Plaintiff is the mother of Minor Plaintiff M.L.F.

Defendant is an individual who resides in Wolfforth, Lubbock County, Texas who may be served with citation at 304 E. 15th Street, Wolfforth, Texas 79382.   Plaintiff requests that citation directed to Defendant DAVID E. ESCOBAR be issued, and that that citation then be served by private process server.

Pursuant to Section 30.014 of the Texas Civil Practice & Remedies Code, Plaintiff provides below the last three numbers of her driver's license number (391) and the last three numbers of her social security number (782) and demands that Defendant provide the equivalent of same.

### III.

### JURISDICTION AND VENUE

The subject matter in controversy in this lawsuit is within the jurisdictional limits of this Court.

This Court has jurisdiction over the parties to this lawsuit because the parties to this lawsuit are Texas residents and/or regularly conduct business in Texas; the events upon which this lawsuit is based occurred in Texas; and the damages sought in this lawsuit are within the jurisdictional limits of this Court, consist of only monetary relief of $250,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

Venue in Lubbock County, Texas is proper under Texas Civil Practice and Remedies Code Section 15.002(a)(1), since the collision in question of July 30, 2016 on which this lawsuit is based occurred in Lubbock County, Texas.

### IV.
### FACTUAL BACKGROUND

On or about July 30, 2016, Plaintiff JENNIFER BROOKE FRIZZELL was driving a 2014 Kia Optima motor vehicle, with Minor Plaintiff M.L.F. as a passenger, traveling eastbound

INDEX - 4

on CR 7000 in Lubbock County, Texas, when Defendant DAVID E. ESCOBAR, who was operating a 2015 Fiat 500 motor vehicle traveling southbound on CR 1100 in Lubbock County, Texas, failed to yield right-of-way to Plaintiff's vehicle and entered the intersection of CR 7000 and CR 1100 in Lubbock County, Texas which was not controlled by an official traffic-control device and struck Plaintiff's vehicle. As a direct and proximate result of the wrongful and negligent conduct of Defendant, Plaintiff and Minor Plaintiff suffered injuries, damages and medical expenses within the jurisdictional limits of this Court.

V.

**NEGLIGENCE**

The collision in question made the basis of this lawsuit as set forth herein and Plaintiff's and Minor Plaintiff's resulting injuries and damages were proximately caused by the negligent and wrongful conduct of Defendant DAVID E. ESCOBAR in one or more of the following respects:

   a.   in failing to keep a proper lookout as a person of ordinary prudence would have kept in the same or similar circumstances;

   b.   in failing to apply the brakes on the vehicle he was operating in a timely manner to avoid the collision in question as a person of ordinary prudence would have done in the same or similar circumstances;

   c.   in failing to swerve in a manner to avoid the collision in question as a person of ordinary prudence would have done in the same or similar circumstances;

   d.   in driving at a speed greater than that which is reasonable;

   e.   in failing to control his speed;

f.   in failing to operate the vehicle he was operating as a reasonably prudent person exercising ordinary care would have operated that vehicle under the same or similar circumstances;

g.   in failing to stop, yield, and grant immediate use of the intersection to Plaintiff's vehicle which entered the intersection which was not controlled by an official traffic-control device from Defendant's right or was approaching the intersection from Defendant's right in a proximity that is a hazard, and Defendant therefore acted in violation of Texas Transportation Code Section 545.151(d), and Defendant was therefore negligent per se; and

h.   in failing to adhere to state statutes and/or local traffic ordinances.

## VI.

### DAMAGES

As a direct and proximate result of the negligent and wrongful conduct of Defendant, Minor Plaintiff M.L.F suffered injuries to her left knee, left arm and body generally. Those injuries caused Plaintiff and Minor Plaintiff to sustain the following damages:

a.   past and future medical expenses;

b.   past and future loss of earning capacity;

c.   past and future physical pain and mental anguish;

d.   past and future physical impairment;

e.   past and future disfigurement;

f.   property damage and out-of pocket expenses;

g.   pre-judgment interest and post-judgment interest; and

h.   case costs and expenses of suit.

Plaintiff and Minor Plaintiff are entitled to recover damages in this lawsuit in an amount within the Court's jurisdictional limits. Plaintiff and Minor Plaintiff seek damages in this lawsuit consisting of only monetary relief of $250,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

## VII.
## NOTICE OF INTENT

Plaintiff hereby gives notice to Defendant under Rule 193.7 of the Texas Rules of Civil Procedure that Plaintiff will use any document produced by Defendant during pretrial discovery against Defendant at any pretrial proceeding and at trial, and any such document is therefore self-authenticated pursuant to that rule.

## VIII.
## PLAINTIFF'S REQUEST FOR INITIAL DISCLOSURES TO DEFENDANT

Plaintiff advises Defendant that pursuant to Rule 194.2 of the Texas Rules of Civil Procedure, Initial Disclosures must be made by Defendant providing the following information and material to Plaintiff within 30 days after the filing of Defendant's first answer or general appearance unless a different time is set by the parties' agreement or court order:

(1) the correct names of the parties to the lawsuit;

(2) the name, address, and telephone number of any potential parties;

(3) the legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);

(4) the amount and any method of calculating economic damages;

(5) the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(6) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the responding party has in its possession, custody, or control, and may use to support its claims or defenses, unless the use would be solely for impeachment;

(7) any indemnity and insuring agreements described in Rule 192.3(f);

(8) any settlement agreements described in Rule 192.3(g);

(9) any witness statements described in Rule 192.3(h);

(10) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(11) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party; and

(12) the name, address, and telephone number of any person who may be designated as a responsible third party

Defendant's Initial Disclosures may be served upon Plaintiff through Plaintiff's attorney in charge, Garnett E. "Brit" Hendrix, Jr., Loncar Associates, 424 S. Cesar Chavez Boulevard, Dallas, Texas 75201.

## IX.
## JURY DEMAND

Plaintiff hereby requests a trial by jury.

INDEX - 8

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein, and that this case be tried before the Court and a Jury, after which Plaintiff and Minor Plaintiff should recover:

a.   judgment against Defendant for Plaintiff's and Minor Plaintiff's damages sought in this lawsuit as set forth above in an amount within the jurisdictional limits of this Court, consisting of only monetary relief of $250,000.00 or less, excluding interest, statutory or punitive damages or penalties, and attorney fees and costs;

b.   pre-judgment interest at the maximum amount allowed by law;

c.   post-judgment interest at the maximum rate allowed by law;

d.   case costs and expenses of suit; and

e.   such other and further relief, at law or in equity, to which Plaintiff and Minor Plaintiff may be justly entitled.

Respectfully submitted,

**LONCAR ASSOCIATES**
424 South Cesar Chavez Blvd.
Dallas, Texas 75201
bhendrix@loncarassociates.com
eflores@loncarassociates.com
214-747-0422 Telephone
214-382-5841 Facsimile


*/s/ Garnett E. Hendrix, Jr.*
Garnett E. "Brit" Hendrix, Jr.
State Bar No. 09459700

ATTORNEY FOR PLAINTIFF AND
MINOR PLAINTIFF

**INDEX - 9**

## CITATION
## THE STATE OF TEXAS

TO:   **David E. Escobar**
      **304 E 15th Street Wolfforth, Texas 79382**

                                                        Defendant Greetings:

### NOTICE

**You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 a.m. on the Monday following the expiration of twenty days after you have been served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Service by Rule 106 of the Rules of Civil Procedure (b) by leaving a copy of the citation, and of the petition with anyone older than sixteen at the location specified in the statement: or (2) in any other manner, including electronically by social media, email or other technology, that the statement of other evidence shows will be reasonably effective to give the defendant notice of suit.**

Said **Plaintiff's Original Petition, Request for Initial Disclosure and Jury Demand** was filed in the **99th District Court** of Lubbock County, Texas, on **March 19, 2021**. The file number of said suit being Cause Number **2021543637**, and styled:

**Jennifer Brooke Frizzell, Individually and as Next Friend of M. L. F., a Minor,**
*Plaintiffs*
**V.**
**David E. Escobar,**
*Defendant*

The nature of **Plaintiff's** demand is set out and shown by a true and correct copy of the **Original Petition, Request for Initial Disclosure and Jury Demand**, accompanying this citation, and made a part thereof.

Plaintiff is represented by:
**Garnett E. "Brit" Hendrix, Jr. 424 South Cesar Chavez Blvd. Dallas, Texas 75201**
**214-747-0422**

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Lubbock County, Texas, this Monday, March 22, 2021, at 9:20 AM.

                            Barbara Sucsy, District Clerk
                            99th District Court
                            P.O. Box 10536 (79408)
                            904 Broadway
                            Lubbock, Texas 79401

                    By *Jamie Horton*                    Deputy
                            Jamie Horton

**INDEX - 10**

<u>**RETURN OF SERVICE**</u>
<u>**CITATION**</u>

Issued:  March 22, 2021

Lubbock County Cause Number:  **2021543637**
**99th District Court**

**Jennifer Brooke Frizzell, Individually and as Next Friend of M. L. F., a Minor**
**V.**
**David E. Escobar**

PERSON OR ENTITY TO BE SERVED AND ADDRESS FOR SERVICE:
   **David E. Escobar**
   **304 E 15th Street Wolfforth, Texas 79382**

<u>OFFICER'S RETURN</u>

Came to hand on the _____ day of _____, 20___, at _____ O'clock AM/PM, and executed in

_____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the

date of delivery endorsed thereon, together with a copy of the **Original Petition, Request for Initial Disclosure and Jury Demand,**

at the following time and places, to-wit:

**NAME**                          **DATE & TIME**                   **LOCATION/ADDRESS**

_____

***OR NOT*** executed to the named Defendant; The diligence used in finding said defendant, the cause of failing to execute this process
and the information received as to the whereabouts of the said defendant, being:

_____

_____

_____

FEES FOR SERVING:          $_____
FEES FOR NOT SERVING:      $_____      _____
OTHER FEES:                $_____      **Officer or Authorized Person**
**TOTAL FEES:**            $_____
                                           _____
                                           **County, Texas**

                                           _____
                                           **Signature of Officer or Authorized Person**

<u>**\*\*COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT\*\***</u>
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve a citation shall sign the return.  The
return must either be verified or be signed under penalty of perjury.  A return signed under penalty of perjury must contain the
statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address is
              (First, Middle, Last)

_____
                              (Street, City/State, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____.

                                           _____
                                           **Declarant/Authorized Process Server**

                                           _____
                                           **I.D. # & Expiration of Certification"**

**INDEX - 11**

Filed 6/23/2021 1:00 PM
Barbara Sucsy
District Clerk
Lubbock County, Texas

CAUSE NO. 2021543637

| | | |
|---|---|---|
| JENNIFER BROOKE FRIZZELL, INDIVIDUALLY AND AS | § | IN THE COURT OF |
| NEXT FRIEND OF M.L.F., A MINOR | § | |
| Plaintiff, | § | |
| VS. | § | LUBBOCK COUNTY, TEXAS |
| | § | |
| DAVID E. ESCOBAR | § | |
| Defendant. | § | 99TH DISTRICT COURT |

TB

### AFFIDAVIT OF SERVICE

"The following came to hand on **Jun 17, 2021, 12:14 pm**,

CITATION AND ORIGINAL PETITION, REQUEST FOR INITIAL DISCLOSURES AND JURY DEMAND

and was executed at **1 Wagnon Dr Apt. 1A, Wolfforth, TX 79382** within the county of **Lubbock** at **03:15 PM** on **Fri, Jun 18 2021**, by delivering a true copy to the within named

DAVID E. ESCOBAR

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **Ryan Crumley**, my date of birth is **February 2, 1986**, and my address is **4414 82nd Street Ste. 212-322, Lubbock, TX 79424**, and **United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Lubbock** County, State of **TX**, on **June 21, 2021**.

_____

Ryan Crumley
Certification Number: PSC 12306
Certification Expiration: 9/30/2021

Filed 7/16/2021 2:46 PM
Barbara Sucsy
District Clerk
Lubbock County, Texas
ARG

## CAUSE NO. 2021543637

| | | |
|---|---|---|
| JENNIFER BROOKE FRIZZELL, | § | IN THE DISTRICT COURT OF |
| Individually and as Next Friend of | § | |
| M.L.F., a Minor | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | LUBBOCK COUNTY, TEXAS |
| | § | |
| DAVID E. ESCOBAR, | § | |
|    Defendant. | § | 99TH JUDICIAL DISTRICT |

## DEFENDANT DAVID E. ESCOBAR'S
## ORIGINAL ANSWER AND REQUESTS FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **DAVID E. ESCOBAR**, Defendant in the above-entitled and numbered cause and files this Original Answer in response to Plaintiff's Original Petition, and in support thereof would respectfully show unto the Court and jury as follows:

## I.
## GENERAL DENIAL

Defendant **DAVID E. ESCOBAR** generally denies the material allegations contained in Plaintiff's Original Petition and says that, since Plaintiff has made such allegations, she should be required to prove them by a preponderance of the evidence as required by law, if she is able to do so.

## II.
## AFFIRMATIVE DEFENSES

2.01    Pleading further, Defendant would contend that this Court lacks subject matter jurisdiction as the alleged incident involves a federal employee who was acting within the course and scope of his employment with a federal agency at the time of the alleged incident and thus this case must be in federal court pursuant to the Federal Tort Claims Act. *See* 28 U.S.C. Section 2679(d).

2.02    Pleading further, Defendant would contend the defense of accord and satisfaction as Plaintiff has already reached a settlement with the United States of America for the alleged incident on behalf of Defendant in Cause No. 5:18-CV-165-H, Case Styled *Jennifer Brooke Frizzell, Individually and as Next Friend of M.L.F, a minor v. United States of America, et. al.*

2.03    Defendant would allege by way of affirmative defense that Plaintiff Jennifer Frizzell's conduct in whole or in part constitutes contributory negligence.  Specifically, Plaintiff Jennifer Frizzell had a duty to exercise reasonable care while operating her vehicle and breached this duty which proximately caused the alleged incident and Plaintiff Jennifer Frizzell and Minor Plaintiff's alleged injuries.  Plaintiff Jennifer Frizzell failed to properly keep control of her vehicle, failed to properly maintain her speed, failed to turn the motor vehicle in an effort to avoid the collision, and failed to keep a proper lookout that would have been maintained by a person of ordinary prudence under the same or similar circumstances.  Such negligence was the proximate cause of Plaintiffs' alleged injuries.  Defendant is therefore entitled to contribution and/or indemnity from Plaintiff Jennifer Frizzell for her alleged injuries as well as those of Minor Plaintiff pursuant to Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

2.04    Pleading further, Defendant would allege the medical expenses incurred on behalf of minor M.L.F. are barred by the applicable two-year statute of limitations.

2.05    Pleading further, Defendant would allege that Plaintiff's recovery, if any, of past medical expenses shall be reduced to the amount paid or incurred by the Plaintiff or on behalf of the Plaintiff pursuant to Section 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

2.06    Pleading further, Plaintiff's recovery, if any, for loss of earnings and loss of earning capacity is limited to net wages as set forth in Section 18.091 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

2.07    Pleading further and subject to the foregoing without waiving same, Defendant affirmatively alleges that the damages and injuries, if any, alleged by Plaintiff are the result of pre-existing or subsequent conditions or events.

### III.
### REQUEST FOR JURY TRIAL

Defendant prays that all issues of fact be submitted to a jury pursuant to Rule 216 of the Texas Rules of Civil Procedure.

### IV.
### REQUESTS FOR DISCLOSURE

Pursuant to Rule 194 of the Tex. R. Civ. P., Plaintiff is requested to disclose, within thirty (30) days of service of this request, the information or material described in Rule 194.2(a)-(l).

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff have and recover nothing of Defendant and that, on trial hereof, Defendant be discharged with his costs herein, and for such other and further relief, both at law and in equity, both general and special, to which he may show himself to be justly and equitably entitled.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: _____ /s/ Mark J. Dyer _____

**MARK J. DYER**
State Bar No. 06317500
dyer@mdjwlaw.com
**BENJAMIN D. BRITT**
State Bar No. 24040577
britt@mdjwlaw.com
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas 75019
214-420-5500
214-420-5501 (fax)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

     This is to certify that a true and correct copy of the foregoing instrument has been e-served to all attorneys of record, in compliance with Rule 21a of the TEXAS RULES OF CIVIL PROCEDURE, on this the 16th day of July, 2021.

*Via ECF*
Garnett E. Hendrix, Jr.
Loncar Associates
424 South Cesar Chavez Blvd.
Dallas, Texas 75201
bhendrix@loncarassociates.com
eflores@loncarassociates.com

_____ /s/ Benjamin D. Britt _____
**BENJAMIN D. BRITT**