UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| JENNIFER BROOKE FRIZZELL individually and as next friend of M.L.F., a minor,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | No. 5:21-CV-158-H |

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS**

  Jennifer Frizzell and her minor child, M.L.F., were injured in a car crash; they allege that the other driver, David Escobar, was negligent. M.L.F., through her mother, sued Escobar in state court to recover for her injuries. But there was a hiccup: Escobar was acting within the scope of his duties as a rural letter carrier for the Postal Service at the time of the crash, so the United States stepped into his shoes as defendant and removed the case to this Court under the Westfall Act. The United States now moves to dismiss the suit on the basis of its sovereign immunity, arguing that M.L.F. failed to clear one of the many hurdles to recovery erected by the Federal Tort Claims Act. More precisely, the United States argues that M.L.F. never filed an administrative claim for her injures with the Postal Service—a prerequisite to filing suit. For her part, M.L.F. argues that the Postal Service already denied a claim for her mother's injuries, so filing a claim for her own would be futile. But however intuitive that argument may be, the law is clear that each claimant must present her own administrative claim to the relevant agency before bringing suit under the FTCA. And because M.L.F. failed to do so, her case must be dismissed.

1.      **Factual and Procedural Background**[1]

On July 30, 2016, Jennifer Frizzell was driving her Kia east on County Road 7000 in Wolfforth, Texas, with her daughter, M.L.F., in tow.  At the same time, David Escobar—a rural letter carrier for the United States Postal Service—was travelling southbound on County Road 1100 in his Fiat 500.  Where the roads met, Escobar failed to yield to Frizzell's right-of-way, and the two collided, injuring both Frizzell and her minor daughter, M.L.F.

About two years later, Frizzell filed a lawsuit against Escobar, the Postal Service, and the United States in this Court.  *See* Dkt. No. 1, Case No. 5:18-CV-165 (N.D. Tex. July 13, 2018).[2]  That suit sought to recover for both Frizzell's and M.L.F.'s injuries.  *Id.* at ¶ 10.  Eventually, the United States remained as the only defendant in the case.  *See* 18 Dkt. Nos. 7 (substituting the government for Escobar pursuant to the Westfall Act, 28 U.S.C. § 2679); 11 (dismissing the Postal Service as a defendant because a suit against a federal agency or its employee, as opposed to the United States, must be dismissed).

Trial drew nearer, and the parties filed their trial briefs.  The United States' brief argued that recovery for M.L.F.'s injuries was impermissible because M.L.F. had failed to present an administrative claim to the Postal Service.  18 Dkt. No. 30 at 18–20 (citing 28 U.S.C. § 2675).  The Court issued a tentative conclusion that M.L.F.'s claims were barred by her failure to present such a claim.  18 Dkt. No. 31 at 3–4 ("There is no proposed evidence before the Court that the FTCA's exhaustion requirement has been satisfied with

---

[1] At this stage of litigation, the Court adopts the plaintiff's version of the facts.  *Lane ex rel. Lane v. Haliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

[2] For reasons which will become apparent, the Court cites to the filings in the first lawsuit as "18 Dkt. No. ##", and filings in this lawsuit as "Dkt. No. ##".

respect to M.L.F. . . . [Thus] there does not appear to be jurisdiction to hear M.L.F.'s claims."). But because the parties settled shortly after that tentative ruling, the Court never reached a definite answer as to whether M.L.F. had satisfied the administrative-exhaustion requirement. *See* 18 Dkt. No. 32 (settlement notice).

Fast forward to March 2021, in the 99th Judicial District for Lubbock County. A new lawsuit—this lawsuit—is filed against David Escobar alone. Dkt. No. 1 at 13. But this time, the lawsuit—brought by Frizzell in M.L.F.'s stead—seeks damages only for M.L.F.'s injuries. *Compare id.* at 16 (naming only M.L.F. as the inured party) *with* 18 Dkt. No. 1 at ¶ 10 (seeking damages for both mother and daughter). Again, the United States stepped into Escobar's place pursuant to federal law. Dkt. No. 1 at 4. And again, the United States moved to dismiss the suit on sovereign immunity grounds. Dkt. No. 5; *cf.* Fed. R. Civ. P. 12(b)(1). Frizzell responded on M.L.F.'s behalf, Dkt. No. 7, and the government has replied, Dkt. No. 8. The motion is ripe and, as explained below, will be granted.

**2.   Discussion**

The Court has been down this road before. Not much has changed.

The law has not changed. The United States still enjoys absolute sovereign immunity except in those circumstances in which it has clearly waived that immunity. *E.g.*, *Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1327 (2020). The Federal Tort Claims Act is still such a waiver. *Brownback v. King*, 141 S. Ct. 740, 745–46 (2021) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475–76 (1994)). Courts must still construe that waiver in favor of the government. *FAA v. Cooper*, 566 U.S. 284, 290 (2012). The FTCA still contains an administrative-exhaustion requirement. 28 U.S.C. § 2675(a). And

compliance with that requirement is still jurisdictional. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

Nor have the facts. Escobar was still acting within the scope of his employment at the time of the crash. Dkt. No. 1 at 1, 4. The United States may still—and indeed did—step into his shoes as the defendant in this case. *Id.* at 1 (citing 28 U.S.C. § 2679(d)(2)). And M.L.F. concedes that she has still never presented a claim for her injuries to the Postal Service. Dkt. No. 7 at 1. That concession is fatal to her case.

In short, nothing of relevance has changed since the Court tentatively concluded that M.L.F.'s claims were jurisdictionally barred by the administrative-exhaustion requirement of Section 2675. 18 Dkt. No. 31. The only thing that will change, then, is the nature of the Court's conclusion—it is now definite.

M.L.F. attempts to avoid this result by making an argument akin to demand-futility: If the Postal Service has already denied her mother's claim arising from this accident, why should she—and the taxpayers, for that matter—be burdened with the expense of processing another administrative claim only to reach a foregone conclusion? Dkt. No. 8 at 2–4. However intuitive that argument might be, it is still just as wrong as it was when the Court first addressed it: Each claimant must present her claim to the Postal Service for decision before filing suit. 18 Dkt. No. 31 at 3 (citing 39 C.F.R. § 912.6(e) and *Montoya v. United States*, 841 F.2d 102, 104–105 (1988) (affirming dismissal of minor children's claims where administrative claims for children's injuries did not comply with FTCA and implementing regulations even though mother's claim did)). The consequences of a plaintiff's noncompliance are equally clear: no claim, no jurisdiction. *Price v. United States*, 69 F.3d 46

(5th Cir. 1995); *see also Dondero v. United States*, 775 F. Supp. 144, 148 (D. Del. 1991) (dismissing on jurisdictional grounds husband's claim for loss of consortium because he failed to file a claim with the Postal Service). Accordingly, the Court must grant the government's motion.

The outcome would be the same even if the requirement that a plaintiff present her claim to the agency were a mandatory claims-processing rule rather than a jurisdictional one. *See Copen v. United States*, 3 F.4th 875, 882 (6th Cir. 2021) (concluding in spite of *McNeil* that § 2675 contains mandatory claims-processing rules rather than jurisdictional rules); *but see White-Squire v. United States Postal Serv.*, 592 F.3d 453, 457 (3d Cir. 2010) (concluding post-*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), that Section 2675's rules are jurisdictional) *and Mader v. United States*, 654 F.3d 794, 805–07 (8th Cir. 2011) (en banc) (same).[3] Mandatory claims-processing rules seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011). Noncompliance with such rules can be waived or forfeited, but courts must enforce proper objections based on such rules. *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019); *but cf. Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 18, n.3 (2017) (noting that it is unclear whether equitable exceptions apply to mandatory claims-processing rules).

---

[3] Even post-*Arbaugh*, *McNeil* persuades. The default rule is that the United States enjoys sovereign immunity; only when it consents can it be sued. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941). The United States, through Congress, made certain actions—such as the requirements set forth in Section 2675—conditions precedent to that consent. *See* 28 U.S.C. § 1346(b)(1) (granting district courts "exclusive jurisdiction" over FTCA actions "subject to," among others, the requirements of Section 2675). Given the unflagging command to construe ambiguity in favor of immunity, *see, e.g.*, *Cooper*, 566 U.S. at 290–91, the Court concludes that Section 2675 contains jurisdictional rules.

M.L.F. has presented no evidence that she substantially complied with the rules set forth in Section 2675. There is no evidence that her mother's demand letter or Form 95—the standard form for a tort claim submitted to the Postal Service—even acknowledged M.L.F.'s existence, let alone her injuries. M.L.F. argues that these defects are irrelevant because the Postal Service denied liability for the accident—in effect, that its decision would be unaffected by the existence of other claimants. Dkt. No. 7 at 1–2. But M.L.F.'s own argument betrays her: "[t]he purpose served by an administrative claim 'is to ensure that federal agencies charged with making an initial attempt to settle tort claims against the United States are given *full notice of the government's potential liability*.'" Dkt. No. 8 at 2 (quoting *Low v. United States*, 795 F.2d 466, 471 (5th Cir. 1986)) (emphasis added). M.L.F. does not—because she cannot—explain how the Postal Service is supposed to know about the true scope of the government's potential liability if only one injured party needs to submit an administrative claim before *all* injured parties may sue. Neither the text nor the context of the FTCA permit such a counterintuitive system. And since the government timely and properly invoked the requirement that a claimant administratively exhaust her claim before filing suit under the FTCA, the Court would reach the same conclusion even if that requirement were recast as a mandatory claims-processing rule.

3. **Conclusion**

In the first suit stemming from this accident, the Court noted that M.L.F. never presented an administrative claim to the Postal Service. Nothing has changed between then and now, least of all the applicable law. The agency-exhaustion requirement is still jurisdictional, at least in this Court, and M.L.F. still failed to comply with it. The government's motion to dismiss is granted, and the case is dismissed.

– 7 –

So ordered on November 9, 2021.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE